UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-26-CV-00414-JRK |
| | § | |
| COLES IP HOLDINGS, LLC, | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## BUC-EE'S ANSWER TO COLES IP'S COUNTERCLAIMS

Plaintiff/Counter-Defendant Buc-ee's, Ltd. responds as follows to Defendant/Counter-Plaintiff Coles IP Holdings, LLC's Counterclaims.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5, and therefore denies them.

6. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 6, and therefore denies them.

7. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 7, and therefore denies them.

8. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 8, and therefore denies them.

9. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9, and therefore denies them.

10. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10, and therefore denies them.

11. Admitted that Coles IP is using the trademarks depicted in paragraph 11. Buc-ee's lacks sufficient knowledge or information to form a belief about the remaining allegations in paragraph 11, including the allegation of "years" of use of the trademarks by Coles IP, and therefore denies them.

12. Admitted that Coles IP has applied to register some of the trademarks listed in paragraph 11 with the United States Patent and Trademark Office ("USPTO"). Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 12, and therefore denies them.

13. Admitted that, according to the USPTO's records, Coles IP filed an application that matured into U.S. Reg. No. 6,133,272, and that Buc-ee's did not oppose that application. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 13, and therefore denies them.

14. Admitted that, according to the USPTO's records, Coles IP filed an application that matured into U.S. Reg. No. 6,083,234, and that Buc-ee's did not oppose that application. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 14, and therefore denies them.

15. Admitted that, according to the USPTO's records, Coles IP filed an application that matured into U.S. Reg. No. 6,121,916, and that Buc-ee's did not oppose that application. Buc-ee's

lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 15, and therefore denies them.

16.     Admitted that, according to the USPTO's records, Coles IP filed an application that matured into U.S. Reg. No. 7,483,033, and that Buc-ee's did not oppose that application. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 16, and therefore denies them.

17.     Admitted that, according to the USPTO's records, Coles IP filed U.S. Serial No. 99,262,119, and that Buc-ee's did not oppose that application. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 17, and therefore denies them.

18.     Admitted that, according to the USPTO's records, Coles IP filed U.S. Serial No. 99,262,130. Otherwise, denied.

19.     Admitted that Defendant's Logos (as defined in Plaintiff's Complaint), which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of or include a beaver, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

20.     Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not include the head of a beaver, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

21.     Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of or include a visible tongue, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

22. Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of or include visible teeth, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

23. Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of or include a baseball cap, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

24. Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of or include an ear showing through a baseball cap, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

25. Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of a brown and white beaver head wearing a red baseball cap within a yellow circle all outlined in black, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

26. Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of the head of a brown and white beaver with a red tongue, black nose, white teeth, and black eyes wearing a red baseball cap with a brown, black, and white ear showing through the side of it, where the beaver design is within a yellow circle that is outlined in black, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

27. Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, do not consist of a brown and white beaver head wearing a red

4

baseball cap within a yellow circle all outlined in black, but denied any implication that Defendant's Logos must do so to cause a likelihood of confusion.

28.     Admitted, but denied any implication that a moose is required to be a beaver for Defendant's Logos to cause a likelihood of confusion.

29.     Admitted, but denied any implication that a moose is required to be the same animal as a beaver for Defendant's Logos to cause a likelihood of confusion.

30.     Admitted that Defendant's Logos, which also incorporate a cartoon animal facing right with wide eyes and a smile, incorporate a moose that has antlers, but denied any implication that the incorporation of antlers is sufficient to avoid a likelihood of confusion.

31.     The allegations in this paragraph are vague and ambiguous, particularly with respect to "directed forward," so Buc-ee's is unable to admit or deny, and therefore denies.

32.     Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32, and therefore denies them.

33.     Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 33, and therefore denies them.

34.     Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 34, and therefore denies them.

35.     Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 35, and therefore denies them.

36.     Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 36, and therefore denies them.

37.     Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 37, and therefore denies them.

38. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 38, and therefore denies them.

39. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39, and therefore denies them.

40. Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 40, and therefore denies them.

41. Admitted that Buc-ee's operates travel centers and that Buc-ee's has referred to an article that refers to Buc-ee's stores as "highway oases," but denied that Buc-ee's itself refers to its stores as "highway oases."

42. Admitted that Buc-ee's opened its first store in Texas in the 1980s and has since expanded to other states, including Alabama, Georgia, Florida, Kentucky, South Carolina, Tennessee, Missouri, Colorado, Mississippi, Virginia, and Ohio.

43. Admitted that Buc-ee's claims trademark rights in the mark BUC-EE'S and the distinctive logo shown below. Further admitted that Buc-ee's trademark registrations for its distinctive logo describe the mark as follows: "the head of a brown and white beaver with a red tongue, black nose, white teeth, and black eyes wearing a red baseball cap with a brown, black, and white ear showing through the side of it. The beaver design is within a yellow circle that is outlined in black."



44. Admitted that Buc-ee's enforces its trademark rights against competitors utilizing confusingly similar marks. Denied as to the remaining allegations in paragraph 44.

45.     Admitted.

46.     Admitted that Plaintiff filed a Consolidated Petition to Cancel U.S. Reg. Nos. 7,483,033 and 6,121,916 in August 2025.

47.     The allegations in this paragraph are vague and ambiguous, particularly with respect to which marks Coles IP includes in "challenged marks," so Buc-ee's lacks sufficient information to admit or deny the allegations, and therefore denies them.

48.     Admitted that Coles IP did not agree to cease using its confusingly similar marks, that Buc-ee's filed this action, that Buc-ee's served the complaint and summons, and that Buc-ee's opened its first Ohio location on April 6, 2026. Denied as to the remaining allegations in paragraph 48.

49.     Denied that consumers are readily able to distinguish between the parties' marks and that the mere fact that a moose is a different animal from a beaver means Defendant's Logos are not likely to cause confusion.

50.     Paragraph 50 contains only a reference to the preceding paragraphs to which no admission or denial is required.

51.     Paragraph 51 does not contain any factual allegations and calls for a legal conclusion, so no admission or denial is required.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

7

57.    Paragraph 57 contains only a reference to the preceding paragraphs to which no admission or denial is required.

58.    Admitted that Coles IP denies any likelihood of confusion exists and that Coles IP denies that it has infringed any rights of Buc-ee's, as Coles IP's pleadings speak for themselves. Nevertheless, given that Coles IP adopted and is using confusingly similar Logos, Buc-ee's denies that no likelihood of confusion exists and denies that Coles IP has not infringed any rights of Buc-ee's.

59.    Paragraph 59 does not contain any factual allegations to which an admission or denial is required.

60.    Buc-ee's lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 60, and therefore denies them.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Paragraph 64 contains a statement regarding relief sought by Coles IP to which no admission or denial is required. Nevertheless, Buc-ee's denies that Coles IP is entitled to the relief requested.

65.    Paragraph 65 contains a statement regarding relief sought by Coles IP to which no admission or denial is required. Nevertheless, Buc-ee's denies that Coles IP is entitled to the relief requested.

66.    Paragraph 66 contains a statement regarding relief sought by Coles IP to which no admission or denial is required. Nevertheless, Buc-ee's denies that Coles IP is entitled to the relief requested.

67.     Paragraph 67 contains a statement regarding relief sought by Coles IP to which no admission or denial is required. Nevertheless, Buc-ee's denies that Coles IP is entitled to the relief requested.

68.     Paragraph 68 contains a statement regarding relief sought by Coles IP to which no admission or denial is required. Nevertheless, Buc-ee's denies that Coles IP is entitled to the relief requested.

### AFFIRMATIVE DEFENSES

Buc-ee's asserts the following Affirmative Defenses against Coles IP and reserves the right to further amend its response as additional information becomes available:

1.     The conduct that is subject to Coles IP's Counterclaims is immune from unfair competition challenge under the First Amendment and the Noerr-Pennington doctrine, which confers immunity upon persons engaged in genuine petitioning activities to influence governmental action through, for example, this lawsuit and any conduct related thereto, and in any conduct before the USPTO.

2.     The contemplated relief would violate Buc-ee's First Amendment Right by seeking to restrain or limit its right to petition governmental bodies, including this Court and the USPTO.

3.     Buc-ee's is not subject to unfair competition liability in this matter because it acted at all times in accordance with legitimate business justification.

4.     Coles IP's Counterclaims are barred in whole or in part by estoppel, equitable estoppel, waiver, acquiescence, and/or Coles IP's failure to mitigate damages.

5.     Coles IP's Counterclaims fail to state a claim for which relief can be granted and/or otherwise deficient under Federal Rules of Civil Procedure 8, 9, and 12.

6.      Buc-ee's adopts and incorporates herein all affirmative defenses available pursuant to Rule 8 of the Federal Rules of Civil Procedure (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make same available.

7.      Coles IP's Counterclaims are barred by the applicable statute of limitations.

### JURY TRIAL DEMAND

Buc-ee's demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Dated: May 13, 2026                                     Respectfully submitted,


                                                        */s/ Melissa M. Bilancini*
                                                        Christina J. Moser (74817)
                                                        Melissa M. Bilancini (98510)
                                                        BAKER & HOSTETLER LLP
                                                        127 Public Square, Suite 2000
                                                        Cleveland, Ohio 44114
                                                        (216) 621-0200
                                                        cmoser@bakerlaw.com
                                                        mbilancini@bakerlaw.com

                                                        Alexandra H. Bistline
                                                        Jered E. Matthysse
                                                        Alexandra R. Curren
                                                        PIRKEY BARBER PLLC
                                                        1801 East 6th Street, Suite 300
                                                        Austin, Texas 78702
                                                        (512) 322-5200
                                                        (512) 322-5201 (fax)
                                                        abistline@pirkeybarber.com
                                                        jmatthysse@pirkeybarber.com

                                                        ATTORNEYS FOR PLAINTIFF

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026, a copy of the foregoing Answer to Coles IP's Counterclaims was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Melissa M. Bilancini*
Melissa M. Bilancini

*One of the Attorneys for Plaintiff*

11