**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **BUC-EE'S, LTD.,** | CASE NO.  3:26 CV 414 |
| Plaintiff/Counter-Defendant, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COLES IP HOLDINGS, LLC,** | **CASE MANAGEMENT CONFERENCE** |
| Defendant/Counter-Claimant. | **SCHEDULING ORDER** |

This case is subject to the provisions of Local Rule 16.1 of the Northern District of Ohio entitled "Differentiated Case Management" (DCM).  Counsel are expected to familiarize themselves with applicable Local Rules and Federal Rules of Civil Procedure. The Court shall evaluate this case pursuant to Local Rule 16.1 and assign this case to an appropriate management track (expedited, standard, complex, mass tort and administrative) described in Local Rule 16.2(a). The track assignment will dictate timelines for discovery, motions and trial.  Unless otherwise ordered, discovery shall be guided by Local Rule 26.1 and motion practice shall be guided by Local Rule 7.1.

## SCHEDULING OF CASE MANAGEMENT CONFERENCE

The Case Management Conference (CMC) shall be held telephonically on **June 11, 2026, at 10:30 AM** before Judge James R. Knepp II. The conference will convene on the Court's bridge line with dial-in access information to be provided in advance of the call If settlement discussions would be helpful at this stage of the case, please notify Chambers (419-213-5570) so that additional time can be set aside and party attendance can be secured.

Unless otherwise ordered, the parties need not attend or participate in the CMC.

## APPLICATION OF FEDERAL CIVIL RULE 26(a)

Rule 26(a) mandates required disclosures in lieu of discovery requests unless otherwise stipulated or directed by Order of the Court or by Local Rule.  In this case, all disclosures mandated by Rule 26(a) shall apply, including Initial Disclosures, Expert Testimony, and Pre-Trial Disclosures. To facilitate the early exchange of information, the Court requires, except in extraordinary circumstances, that actual documents (as opposed to descriptions of documents) be exchanged.  The disclosures shall occur on or before a date agreed to by all counsel.  Failing agreement, the date for disclosures will be set at the CMC.

Prior to the CMC, parties may undertake such informal or formal discovery as mutually agreed.  Absent such agreement, no preliminary **formal** discovery may be conducted prior to the CMC except as necessary and appropriate to support or defend against any challenges to jurisdiction or claim for emergency, temporary, or preliminary relief. **Local Rule 30.1 governs conduct at depositions, and counsel shall comply with this Rule.**

## TRACK RECOMMENDATION

Pursuant to Local Rule 16.2(a), and subject to further discussion at the CMC, the Court recommends the following track:  Standard, which means the trial date will be no later than **May 2027.**

## PREPARATION FOR CMC BY COUNSEL

The general agenda for the CMC is set by Local Rule 16.3(b).  Counsel should be prepared to discuss claims and defenses in detail with the Judge.

Counsel for Plaintiff(s) shall arrange with opposing counsel to hold the meeting required by Federal Civil Rule 26(f) and Local Rule 16.3(b).  A Report of this planning meeting shall be jointly signed and filed **at least three (3) business days prior to the CMC**.  The Report shall be in a form substantially similar to Attachment l.

**FILING OF DISCOVERY MATERIALS**

Unless otherwise ordered, initial disclosures and discovery materials shall **not** be filed except where submitted in support of a motion or for use at trial.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE