> *PLEASE READ CAREFULLY.*
> *Lead counsel is personally responsible*
> *for complying with this Order.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| BUC-EE'S, LTD., | CASE NO. 3:26CV414 |
| Plaintiff, | JUDGE JAMES R. KNEPP II |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| COLES IP HOLDINGS, LLC, | **ORDER SETTING SETTLEMENT CONFERENCE** |
| Defendant. | |

I will hold a settlement conference in this case on **September 15, 2026** at **9:30 a.m.** Eastern Time at the James L. Ashley and Thomas W.L. Ashley United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604. All parties and their lead counsel are **ORDERED** to appear at that time. Lead counsel for each party must carefully review the requirements of this Order and ensure compliance.

If the conference is being conducted in person, please report to Courtroom 1B. Further discussions will be held in the Fourth Floor Conference Suite. If the conference is being conducted by video conference, instructions for accessing it will be provided to counsel shortly in advance of the conference date. Counsel are responsible for providing the access information to their client/client representative(s). All participants are to sign-in to the video conference at least 5 minutes before the scheduled start time.

As detailed below, each party must submit a confidential settlement statement before the settlement conference. **Together with the requirements detailed in this Order, the *first paragraph* of each party's settlement statement MUST contain the following:**

    **(i)**    **a certification that lead counsel for that party has personally reviewed the requirements of this Order, including having provided a copy to the party or party representative and discussed the contents of this Order with that person;**

    **(ii)**    **identify the party or party representative(s) who will be attending the settlement conference; and**

1

<span style="color:red">(iii)    **a certification that the attending representative(s) has ultimate settlement authority.**</span>

Potential consequences for not complying with this Order are detailed below.

<u>SETTLEMENT CONFERENCE REQUIREMENTS</u>

A.    ATTENDANCE OF ALL PARTIES IS REQUIRED

**Unless otherwise specifically ordered, persons with ultimate settlement authority must personally participate in the settlement conference. "Ultimate settlement authority" means the unconditional authority to enter into a binding settlement agreement without necessity of contacting anyone else for approval.** All named individual parties and the authorized representatives of all named corporate, governmental, or other parties must attend the settlement conference, together with lead counsel for each party. Any request to excuse a named party or authorized representative must be made by written motion setting forth good cause and indicating whether the request is unopposed or opposed. Telephone requests to excuse a named party or authorized representative will not be entertained.

If the settlement decision will be made in whole or in part by an insurance company, the insurance company must send a representative in person with full and complete authority to bind the company up to the value of the opposing party's claim or counterclaim. A governmental entity must send a representative authorized to act on its behalf, and to bind the governmental entity up to the value of the opposing party's claim or counterclaim, understanding that some settlement decisions may be subject to further approval by an elected body. A corporate entity must send a representative with full and complete authority to bind the entity up to the value of the opposing party's claim or counterclaim. If a committee, board, or similar body determines a party's authority, counsel must include that information in the confidential settlement statement.

**If a party fails to produce a person with ultimate settlement authority, and such failure impairs the effectiveness of the settlement conference, then in my discretion, I may order an award of costs and attorney fees incurred by the other part(ies) in connection with the conference or other sanctions against the noncomplying party and its counsel.** I may also require the parties to return for a rescheduled conference with the appropriate person(s) physically present.

B.    PRE-SETTLEMENT CONFERENCE REQUIREMENTS

1.    **Pre-settlement conference demand and response**

A settlement conference is more productive if the parties have already exchanged written settlement proposals. Accordingly, no later than 28 days before the settlement conference, each counsel for a party seeking affirmative relief ("claimant's counsel") must submit a **written** itemization of damages and settlement demand to opposing counsel, along with a brief explanation of why such a demand is appropriate. The proposed damages must be viable under the

2

law and **may not include punitive, exemplary, or special damages**. (If counsel believes punitive, exemplary, or special damages should be included in the initial demand, counsel must contact Chambers before making the demand and explain (i) why such damages should be included and (ii) how including such damages will not be counterproductive to the mediation process. I will then determine whether such damages may be included in the demand from claimant's counsel.)

No later than 21 days before the settlement conference, opposing counsel must submit a **written** response to claimant's counsel, along with a brief explanation of why such an offer in response is appropriate. Do not file copies of these papers with the Clerk of Court.

If this process results in a settlement, counsel must promptly notify the Courtroom Deputy so the settlement conference can be cancelled timely. If settlement is not achieved, counsel must include a copy of their client's pre-settlement demand/response as an exhibit to their settlement statement.

   **2.**   **Confidential settlement statement**

**Each party must submit a confidential settlement statement to me no later than 14 days before the settlement conference.** The confidential settlement statements are for my exclusive use in preparing for the settlement conference and will not be made a part of the case file. The settlement statement must:

  a.  Comply with the requirements set forth in the emphasized paragraph preceding Section I of this Order;

  b.  Recite the key facts pertinent to the dispute;

  c.  List all claims and defenses that remain pending;

  d.  Outline the applicable law, and how it applies to the facts of the case;

  e.  Discuss the strengths and weaknesses of the claims and defenses that remain pending; and

  f.  Recap any settlement negotiations between the parties.

If not already available from the docket, copies of any exhibits essential to understanding a party's settlement position or evaluating the case may be attached to the settlement statement. Without leave of court, the settlement statement may not exceed 5 single-spaced pages (using 12-point font size and 1" margins throughout) and must contain enough information to be useful in analyzing the factual and legal issues in the case. The parties are encouraged to be candid and frank in their confidential settlement statements.

3

**Do not file the settlement statement with the Court.** Instead, submit it by email to Clay_Chambers@ohnd.uscourts.gov, and ensure the case number is included in the subject line of the email. Unless all parties agree, the confidential settlement statements are not to be exchanged with other parties. (If the parties have agreed to exchange their settlement statements, this should be noted in the settlement statement.)

If the settlement statement provides more than 25 pages of exhibits, then no later than 7 days before the settlement statement is due, counsel must contact Chambers and detail why good cause exists to support submitting extensive exhibits. If leave is granted, then in addition to e-mailing the statement, counsel must forward a hard copy of the settlement statement and exhibits to Chambers at least 10 days before the settlement conference, to allow additional time to review the materials before the settlement conference. The exhibits must be properly labelled, indexed, and secured together.

## C.    SETTLEMENT CONFERENCE

### 1.    Settlement conference format

A settlement conference usually begins with a general session with all parties and counsel, followed by private caucusing. Rarely will an opening statement be requested in the general session. Also, in some cases, I may contact counsel to begin discussions before the settlement conference date.

All counsel, parties, and party representatives must be fully prepared to participate throughout the settlement conference. It is critical that all participants keep an open mind, remain actively engaged throughout the conference, reassess their positions continually, and consider creative methods for resolving the dispute.

### 2.    Statements inadmissible

Statements made by any party during the settlement conference may not be used in discovery and will be inadmissible at trial. *See* Fed. R. Evid. 408; Ohio Rev. Code § 2710.03; *see also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003) ("The public policy favoring secret negotiations, combined with the inherent questionability of the truthfulness of any statements made therein, leads us to conclude that a settlement privilege should exist . . . ."). Again, parties are encouraged to be frank and open in their discussions. At all times, counsel, parties, and party representatives must treat each other with courtesy and respect.

### 3.    Potential issues to be discussed at settlement conference.

At the settlement conference, parties and their counsel should be prepared to discuss the following potential issues:

a.    What are your objectives in the litigation?

Revised 5/7/2025

b. What issues (inside and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of your case?

c. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

d. What are the points of agreement and disagreement between the parties? Factual? Legal?

e. What are the impediments to settlement?

f. What remedies are available through litigation or otherwise?

g. Are there possibilities for a creative resolution of the dispute?

h. Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

i. Are there outstanding liens? Should a representative of the lienholder participate in the settlement conference?

j. What legal costs or case expenses will you incur to take the case through trial?

k. What is the likelihood for an appeal in the event of an unfavorable outcome at trial? What additional time delay and expense will result from an appeal?

## C. INVOLVEMENT OF CLIENTS

For many clients, this case may be the first time they have participated in litigation or in a court-supervised settlement conference. Therefore, as noted above, before the settlement conference, lead counsel must provide the client with a copy of, and discuss with the client the matters set forth in, this Order.

## D. REQUESTS TO RESCHEDULE

Requests to reschedule a settlement conference must be made by written motion, and – barring extenuating circumstances – should be filed at least 7 days before the scheduled conference. Before submitting a motion, counsel are to contact the Courtroom Deputy by telephone or email to obtain available dates that must then be coordinated with all other counsel.

The written motion must indicate whether the request to reschedule is opposed or unopposed; if unopposed, it must state the new date (or dates) the participants are proposing.

**E.      MISCELLANEOUS**

The Ashley Courthouse is not equipped with a cafeteria, and has limited vending machine capabilities. Parties and counsel should be prepared to work through any lunch breaks, and so are encouraged to bring food and beverage items with them. Food delivery is also available through commercial services (Uber Eats, Door Dash, etc.). Parties and counsel should expect to remain in the courthouse until the settlement conference has concluded.

Entry to the new Ashley Courthouse is through the group of blue trailers located just north (left) of the former entrance to the historic Ashley Courthouse.

Parking in the immediate vicinity of the Courthouse can be limited. Those participating in person should schedule their arrival to allow for the possibility of having to walk several blocks from parking lot to the Courthouse.

**IT IS SO ORDERED.**

Dated: June 25, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

6

Revised 5/7/2025