# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Formatted Table

| | | |
|---|---|---|
| BUC-EE'S, LTD.,<br><br>Plaintiff/Counter-Defendant,<br><br><br>v.<br><br><br>COLES IP HOLDINGS, LLC~~,~~ and DANOP, LTD. d/b/a THE COLES GROUP, d/b/a MICKEY MART, and d/b/a MICKEY'S,<br><br>Defendants/Counter-Plaintiff~~.~~ | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:26-CV-00414-JRK<br><br><br><br>**JURY TRIAL DEMANDED** |

Formatted: Not All caps

**AMENDED COMPLAINT**

Plaintiff Buc-ee's, Ltd. ("Plaintiff" or "Buc-ee's"), appearing through its undersigned counsel, alleges as follows:

**NATURE OF ACTION AND JURISDICTION**

1. This is an action for trademark infringement, unfair competition, and cancellation of trademark registrations under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*.

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Defendants due to their~~its~~ residency and business activities in this judicial district.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) as Defendants reside~~s~~ in this judicial district.

~~4.~~

**PARTIES**

5. Plaintiff is a Texas limited partnership with a principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

6. On information and belief, Defendant Coles IP Holdings, LLC ("Coles IP") is an Ohio limited liability company with a principal place of business at 3619 East State, Route 113, Milan, Ohio 44846.

~~6.~~7. On information and belief, Defendant Danop, Ltd. d/b/a The Coles Group, d/b/a Mickey Mart, and d/b/a Mickey's is an Ohio limited company with a principal place of business at 3619 East State, Route 113, Milan, Ohio, 44846 (together with Coles IP, "Defendants").

**FACTS**

**BUC-EE'S AND ITS TRADEMARKS**

~~7.~~8. Plaintiff owns and operates a chain of stores and travel centers under the name Buc-ee's. For over four decades, Plaintiff has offered high quality convenience store, gas station, and related goods and services to the public through its Buc-ee's stores.

~~8.~~9. In connection with these goods and services, Plaintiff has long and continuously used the mark BUC-EE'S and the distinctive logos shown below, which feature a cartoon animal facing right with wide eyes and a smile, overlaying a round background (collectively, the "Buc-ee's Marks").

~~9.~~10. Plaintiff's stores are not like other convenience stores. They are "highway oases," as *Texas Monthly* put it in 2019. For legions of fans, Buc-ee's "has become the rare brand—like Apple and Costco—that inspires loyalty that goes well beyond rational consumer calculations." *See* **Exhibit A**. Over 10,000 customers visited Buc-ee's in New Braunfels on opening day in 2012. Consumers likewise began lining up at 6:00 a.m. when Plaintiff opened its Fort Worth store in 2016. Out-of-state visitors often remark: "I was told we couldn't go to Texas without stopping here."

~~10.~~11. Plaintiff and the Buc-ee's Marks have become iconic brands. A segment about Buc-ee's that aired on CBS News' nationally syndicated Sunday Morning program begins: "We all know that feeling. You're out on the open road. Your gas tank is empty, and your bladder is full. Well in Texas, a lot of folks in this predicament, look for [Plaintiff's] cartoon beaver." The segment goes on to compare the Buc-ee's logo's renown to Mickey Mouse, observing: "Perhaps not since Mickey Mouse has a cartoon rodent captured the hearts . . . of so many." *See* **Exhibit B**.

~~11.~~12. The Buc-ee's Marks prominently appear on signs visible from the highway, above entrances to Buc-ee's stores, on top of the gas-pump canopies, on signage inside the stores, and on an array of Buc-ee's branded products and apparel sold in-store.









~~12.~~13. One of the predominant colors used at Plaintiff's stores is red, with employees wearing red uniforms, interior red signage, and the name BUC-EE'S appearing in giant red

lettering outside the stores. Among the BUC-EE'S-branded souvenir items are red shirts featuring the Buc-ee's Marks.

~~13.~~14. Plaintiff has grown its business from a single convenience store in the Lake Jackson, Texas area to more than 50 stores across Florida, Texas, Missouri, Alabama, Georgia, South Carolina, Tennessee, Kentucky, Mississippi, Virginia, and Colorado. Additional stores are in the planning or construction phases in several more states, including Arizona, Arkansas, Kansas, North Carolina, Ohio, Wisconsin, Louisiana, Utah, and Idaho.

~~14.~~15. A January 21, 2026~~,~~ article announcing the ~~upcoming~~ April 2026 opening of the first Ohio location near Dayton, Ohio informed~~s~~ its readers:

> Best known for its massive locations, extensive food and retail offerings, and quirky brand identity centered around a smiling beaver mascot, Buc-ee's is more than a typical gas station for many who treat it as a destination when on road trips. It's sometimes referred to as the "Disneyland of convenience stores".

**Formatted:** Right: 0.5", Line spacing: single

*See* **Exhibit C**.

~~15.~~16. The Buc-ee's Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's products and services to the consuming public.

~~16.~~17. The Buc-ee's Marks have become distinctive in the marketplace to designate Plaintiff, to distinguish Plaintiff and its offerings from those of others, and to distinguish the source or origin of Plaintiff's offerings. The consuming public in Texas and elsewhere in the United States widely recognizes and associates the Buc-ee's Marks with Plaintiff.

~~17.~~18. As a result of Plaintiff's long use and promotion of the Buc-ee's Marks, Plaintiff has acquired valuable common law rights in the Marks.

~~18.~~19. In accordance with the provisions of federal and state law, Plaintiff has registered the Buc-ee's Marks on the Principal Register of the United States Patent and Trademark Office in connection with a wide variety of goods and services, including retail store services featuring

convenience store items and gasoline. *See* U.S. Reg. Nos. 4,316,461; 4,007,064; 7,419,559; 3,246,893; 4,973,185; 4,007,063; 4,973,077; 8,113,899; 8,113,900; 4,316,457; 6,421,516; 4,973,184; 4,973,076; 7,419,562; and 3,763,277.

~~19.~~20. Plaintiff's registrations are valid and subsisting, and all but U.S. Reg. Nos. 7,419,562; 7,419,559; 8,113,899; and 8,113,900 are incontestable pursuant to 15 U.S.C. § 1065. True and correct copies of these registrations are attached as **Exhibit D**.

**DEFENDANTS AND THEIR~~ITS~~ UNLAWFUL ACTIVITIES**

**Formatted:** Indent: First line: 0"

~~20.~~21. On information and belief, Defendants own~~s~~ and operate~~s~~ a chain of stores offering convenience store, gas station, and related products and services.

~~21.~~22. ~~Defendant~~ Coles IP is the owner of U.S. Reg. Nos. 6,121,916 and 7,483,033 ("Defendant's Registrations") for the logos shown below covering "Retail convenience stores; Promoting the goods of others by means of the issuance of loyalty reward points" in Class 35 and "Magnetically encoded gift cards; Downloadable computer application software for mobile phones, namely, software for use in advertising goods for sale, locating stores and getting directions, earning and tracking reward points, and displaying related store information" in Class 9.

~~22.~~23. ~~Defendant~~ Coles IP is also the owner of U.S. Ser. No. 99/262,130 ("Defendant's Application") for the logo shown below covering "Retail store services featuring convenience store items and gasoline; Retail store services featuring: namely, Printed comics; stickers, Cups,

namely, coffee cups, tumblers, and shot classes; non-electric portable coolers, Clothing, namely, t-shirts, hooded sweatshirts, and socks; headwear, namely, baseball caps, beanies, and toboggan hats, Footballs; baseballs; baseball bats; stuffed toy animal, Food products and pre-packaged food products; chicken wings; breaded chicken strips; cooked chicken; grilled chicken; fried chicken; potato chips, candy, mints; Retail store services featuring: selling the goods of others by means of the issuance of loyalty reward points; Retail fuel supply services and retail convenience store services featuring fuels, lubricants and additives; Distributorship services featuring fuels, lubricants and additives” in Class 35.

24. The design marks in Defendant’s Registrations and Defendant’s Application, as shown in paragraphs 22~~19~~-23~~0~~ above, are hereinafter referred to as “Defendant~~’~~s’ Logos.”

~~23.~~25. On information and belief, Defendants use and/or have used Defendants’ Logos in connection with their chain of stores offering convenience store, gas station, and related products and services.

~~24.~~26. Like the Buc-ee’s Marks, Defendant~~’~~s’ Logos incorporate a cartoon animal facing right with wide eyes and a smile, overlaying a round background.

~~25.~~27. On information and belief, Defendants are~~is~~ transitioning from their~~its~~ use of the logos shown in Defendant’s Registrations to the logo shown in Defendant’s Application, which also closely resembles Plaintiff’s distinctive logos.

~~26.~~28. Further, on information and belief, Defendants are~~is~~ transitioning from the name “Mickey Mart” to “Mickey’s,” which more closely resembles Plaintiff’s BUC-EE’S mark.

~~27.~~29. For example, Defendant~~'~~s' website mickeythemoose.com now prominently features the logo shown in Defendant's Application and the name "Mickey's," as shown below. Printouts of Defendant~~'~~s' website are attached as **Exhibit E**.

~~28.~~30. Defendants also uses~~s~~ red as a predominant color in their~~its~~ interior and exterior signage, as well as employee uniforms and anthropomorphic representations of their~~its~~ cartoon moose mascot.

~~29.~~31. Defendant~~'~~s' use of Defendant~~'~~s' Logos began after Plaintiff developed rights in its Buc-ee's Marks.

~~30.~~32. Plaintiff has priority based on the Buc-ee's Registrations and Plaintiff's use of the Buc-ee's Marks in the United States for over four decades.

~~31.~~33. Plaintiff has never authorized Defendants to use and/or register Defendant~~'~~s' Logos. Thus, Defendants have~~s~~ used and promoted Defendant~~'~~s' Logos in commerce without Plaintiff's authorization.

~~32.~~34. On August 11, 2025, Plaintiff filed a Petition to Cancel Defendant's Registrations with the United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board. *See Buc-ee's, Ltd. v. Coles IP Holdings, LLC*, Cancellation No. 92089206.

**EFFECTS OF DEFENDANT~~'~~S' UNLAWFUL ACTIVITIES**

~~33.~~35. Defendant~~'~~s' unauthorized use of Defendant~~'~~s' Logos is likely to cause confusion among consumers. Consumers are likely to perceive a connection or association as to the source,

sponsorship, or affiliation of the parties' products and services, when in fact none exists, given the similarity of the parties' logos, trade channels, and consumer bases.

~~34.~~36. This likelihood of confusion is exacerbated by Defendant~~'~~s' transition to a name (Mickey's) that more closely resembles the BUC-EE'S mark than their~~its~~ previous name, Mickey Mart, predominant use of the color red, as well as to a logo that also closely resembles Plaintiff's distinctive logos.

~~35.~~37. Defendant~~'~~s' unauthorized use of Defendant~~'~~s' Logos falsely designates the origin of their~~its~~ products and services and falsely represents circumstances with respect to Defendants and their~~its~~ products and services.

~~36.~~38. Upon information and belief, consumers online have expressed confusion about whether a relationship exists between Plaintiff and Defendants.

~~37.~~39. Defendant~~'~~s' unauthorized use of Defendant~~'~~s' Logos enables Defendants to trade on the goodwill built up at great labor and expense by Plaintiff over many years, and to gain acceptance for their~~its~~ goods and services not solely on their~~its~~ own merits, but on the reputation and goodwill of Plaintiff, its Buc-ee's Marks, and its products and services.

~~38.~~40. Defendant~~'~~s' unauthorized use of Defendant~~'~~s' Logos unjustly enriches Defendants at Plaintiff's expense. Defendants have~~s~~ been and continue~~s~~ to be unjustly enriched by obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its goodwill. Specifically, Defendants have~~s~~ taken undue advantage of Plaintiff by trading on and profiting from the goodwill in the Buc-ee's Marks developed and owned by Plaintiff, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their~~its~~ own business.

~~39.~~41. Defendant~~’~~s’ unauthorized use of Defendant~~’~~s’ Logos removes from Plaintiff the ability to control the quality of products sold under the Buc-ee’s Marks. This places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

~~40.~~42. Unless these acts of Defendants are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

~~41.~~43. Plaintiff repeats the allegations above as if fully set forth herein.

~~42.~~44. The acts of Defendants complained of herein constitute infringement of Plaintiff’s federally registered Buc-ee’s Marks in violation of 15 U.S.C. § 1114(1).

~~43.~~45. On information and belief, Defendant~~’~~s’ acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff’s rights in the Buc-ee’s Marks and with intent to cause confusion and to trade on Plaintiff’s vast goodwill in the Buc-ee’s Marks. In view of the egregious nature of Defendant~~’~~s’ infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

**COUNT II: FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. § 1125(A))**

~~44.~~46. Plaintiff repeats the allegations above as if fully set forth herein.

~~45.~~47. The acts of Defendants complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

~~46.~~48. Plaintiff has been damaged by Defendant~~'~~s' acts of trademark infringement, false designation of~~r~~ origin, false or misleading descriptions or representations of fact, and unfair competition.

**COUNT III: CANCELLATION OF REGISTRATION**
**(15 § U.S.C. 1119 and 28 § U.S.C. 2201)**

~~47.~~49. Plaintiff repeats the allegations above as if fully set forth herein.

~~48.~~50. This Court has the power under 15 § U.S.C. 1119 and 28 § U.S.C. 2201 to determine Defendant~~'~~s' right to registration of Defendant~~'~~s' Logos as shown in Defendant's Registrations and Defendant's Application.

~~49.~~51. Defendant~~'~~s' Logos, as shown in Defendant's Registrations and Defendant's Application, as well as paragraphs 22~~19~~-23~~0~~ above, so resemble Plaintiff's Buc-ee's Marks as to be likely to cause confusion, or to cause mistake, or to deceive. Defendant's Registrations should therefore be cancelled under 15 U.S.C. § 1052(d), and Defendant's Application should be refused registration under 15 U.S.C. § 1052(d).

~~50.~~52. Plaintiff petitions the Court to issue an order certified to the Director of the USPTO cancelling Defendant's Registrations and refusing registration of Defendant's Application pursuant to 15 § U.S.C. 1119 and 28 § U.S.C. 2201.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands that:

(a) Defendants, their~~its~~ officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be permanently enjoined and restrained from designing, displaying, advertising, offering for sale, manufacturing, shipping, delivering, selling, or promoting any product that incorporates or is marketed in conjunction with Defendant~~'~~s' Logos, the Buc-ee's Marks, and/or any other mark, name, or design confusingly

similar to the Buc-ee's Marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(b) Defendants, their~~its~~ officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be required to deliver up and destroy all products, packaging, signage, advertisements, internet postings and advertisements, and any other materials bearing or using Defendant~~'~~s' Logos, Plaintiff's Buc-ee's Marks, and/or any other mark, name, or design that is confusingly similar to those marks, names, or designs;

(c) Defendants be ordered to file with this Court and to serve upon Plaintiff, within thirty days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have~~s~~ complied with the injunction;

(d) Plaintiff recover all damages it has sustained as a result of Defendant~~'~~s' infringement, unfair competition, and deceptive trade practices, and that said damages be trebled;

e) An accounting be directed to determine Defendant~~'~~s' profits resulting from Defendant~~'~~s' activities, and that such profits be paid over to Plaintiff;

(f) The Court determine that Defendants are~~is~~ not entitled to registration of the logos that are the subject of U.S. Reg. Nos. 6,121,916 and 7,483,033 and U.S. Ser. No. 99/262,130, and certify an Order pursuant to 15 U.S.C. § 1119 refusing registration of U.S. Ser. No. 99/262,130 and cancelling U.S. Reg. Nos. 6,121,916 and 7,483,033 to the USPTO Director, who shall make appropriate entry upon the records of the USPTO and shall be controlled thereby;

g) Plaintiff recover its reasonable attorneys' fees;

h) Plaintiff recover its costs of this action and prejudgment and postjudgment interest; and

i) Plaintiff recover such other relief as the Court may find appropriate.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues triable by jury under Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated: September 10 February 17, 2026 *_/s/ Melissa M. Bilancini*

Christina J. Moser (74817)
Melissa M. Bilancini (98510)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 621-0200
cmoser@bakerlaw.com
mbilancini@bakerlaw.com

Alexandra H. Bistline*
Jered E. Matthysse*
Alexandra R. Curren*
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, Texas 78702
(512) 322-5200
(512) 322-5201 (fax)
abistline@pirkeybarber.com
jmatthysse@pirkeybarber.com
acurren@pirkeybarber.com

ATTORNEYS FOR PLAINTIFF

**Admitted Pro Hac Vice Application Forthcoming*